UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: A. H. ROBINS COMPANY,
INCORPORATED,

<u>Debtor.</u>

No. 97-2259

MATTYE FAYE FAULKNER,
<u>Claimant-Appellant,</u>

v.

DALKON SHIELD CLAIMANTS TRUST,
<u>Trust-Appellee.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert R. Merhige, Jr., Senior District Judge;
Blackwell N. Shelley, Bankruptcy Judge.
(CA-85-1307-R)

Submitted: October 20, 1998

Decided: November 12, 1998

Before WIDENER, HAMILTON, and MICHAEL, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Mattye Faye Faulkner, Appellant Pro Se. Orran Lee Brown, Sr.,
DALKON SHIELD CLAIMANTS TRUST, Richmond, Virginia, for
Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Mattye Faye Faulkner appeals the district court's order denying her motion to intervene in In re A.H. Robins Co. (Mallari v. Dalkon Shield Claimants Trust) (E.D. Va.). We dismiss the appeal as moot.

The district court denied the reclassification of Faulkner's Dalkon Shield Claim from late to timely status, and she appealed. While her appeal was pending, Faulkner accepted an offer from the Breland Insurance Trust (Breland Trust). In connection with her settlement, Faulkner signed a release forfeiting any right to a future pro rata payment from the Dalkon Shield Claimants Trust (Trust). Subsequently, the parties entered into a stipulation of dismissal of Faulkner's appeal of the denial of reclassification of her claim.

In 1995 the Trust announced that both timely and late Dalkon Shield Claimants who resolved their claims for more than $725 would receive pro rata payments pursuant to Claims Resolution Facility § G.14. The Trust denied Faulkner's request for pro rata payment on her Late Claim because she had settled her claim with the Breland Trust before February 1995 and had signed the release.

Elena Mallari, like Faulkner, settled her claim with the Breland Trust prior to 1995 and signed a release forfeiting her right to future pro rata payments from the Trust. Mallari brought suit against the Trust, claiming entitlement to a pro rata share of the payments. The Trust notified Faulkner of the pendency of Mallari's action and told her that if Mallari prevailed, Faulkner would receive pro rata payments on her Late Claim.

Faulkner moved for an extension of time to intervene in Mallari. The district court denied her motion, observing that her intervention was not necessary because if Mallari prevailed, Faulkner would

2

receive a pro rata payment on her Late Claim. Further, the order stated that it was unlikely that Faulkner's intervention would assist the court in resolving the pertinent issues.

Faulkner appeals this order. Since she noted her appeal, the Trust resolved <u>Mallari</u> by agreeing to make pro rata payments to all Late Claimants, including those who had settled with the Breland Trust prior to 1995 and signed a release. The record reflects that Faulkner has received pro rata payment.

Because Faulkner has received all the relief sought and because <u>Mallari</u> has settled, we dismiss the appeal as moot. We dispense with oral argument because the facts and legal contentions are fully presented in the materials before us and argument would not aid the decisional process.

<u>DISMISSED</u>

3